# Davenport's Adm'x v. Crummies Creek Coal Co.

Jan. 9, 1945.

R. L. Pope and R. S. Rose for appellant.

James Sampson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appeal is from a judgment dismissing the appellant's petition as amended after a demurrer had been sustained thereto and she had declined to plead further. The basis for the action can be better understood by quoting the second petition and the amendment thereto.

"The plaintiff Rosa McCrae, states for amendment herein that prior and at the time of the killing by shooting and wounding of John Davenport that a conspiracy was formed at the time of the killing and existed between the Crummies Creek Coal Company and James Black Howard and all the other store clerks of defendant; that if the members of the United Mine Workers of America in considerable number entered the store house of defendant at Crummies Creek that said Company and James Black Howard as leader of the clerks to shoot and if necessary kill said parties entering said store house; that said Union Men did enter and come into said store house peaceably; that John Davenport was an in-

vitee in said store and seeing trouble was about to come up started to run out of said store, and at which time James Black Howard in command of said company and not in self defense, opened fire and wounded and maliciously shot and killed the said John Davenport who was leaving said store and not a member of either the Union or the company's clerks, but was a customer in there to purchase goods.''

''Comes the plaintiff herein and for second amended petition herein and to perfect her cause of action herein alleged and states that the time John Davenport was killed, a conspiracy and concert of action existed between the said Jim Black Howard, the man who shot and killed said Davenport, and the Crummies Creek Coal Company, and the other clerk, agents and employees of the defendant in the store where said killing took place. To repel with force and if necessary to kill, the United Mine Workers and prevent them from entering said store of the defendant.

''And in the effort to prevent said entrance into said store, the said Jim Black Howard unlawfully and maliciously *not* in his self defense and in furtherance of said conspiracy and pursuant thereto, shot and killed said John Davenport, as set forth in her original petition herein.''

KRS 437.110 makes the banding together of two or more persons for the purpose of committing an unlawful act a conspiracy, and provides the punishment therefor. KRS 411.130 authorizes the collection of damages for the death of a person which has been caused by the negligence or wrongful act of another.

In 11 Am. Jur., Conspiracy, Section 45, it is said: ''Accurately speaking, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself; and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone. The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage—not the conspiracy or the combination. * * *'' The Kentucky cases of Brewster v. C. Miller's Sons Co., 101 Ky. 368, 41 S. W. 301, 38 L. R. A. 505; Baker v. Metropolitan L. Ins. Co., 64 S. W. 913, 23 Ky. Law Rep.

1174, 55 L. R. A. 271; and Hundley v. Louisville & N. R. Co., 105 Ky. 162, 48 S. W. 429, 63 L. R. A. 289, 88 Am. St. Rep. 298, are cited in support of that text. It can be seen, therefore, that a petition would be fatally defective if it only charged that damage or death followed as the result of the forming of a conspiracy. A necessary allegation is that the damage or death resulted from some overt act done pursuant to or in furtherance of the conspiracy.

It is the contention of the appellee that the appellant's petition does not meet the test. We have reached a different conclusion, however, from a careful study of the petition as amended. In substance, the second petition as amended charged that a conspiracy was formed between the Company and its clerks to shoot striking members of the United Mine Workers if they entered the commissary; that the Mine Workers did enter the commissary peaceably; that the deceased, an invitee of the Company, was in the store and belonged to neither the group of Mine Workers nor the Company's employees; that he was killed upon his running from the commissary as he observed "trouble was about to come up;" and that Howard unlawfully and maliciously shot Davenport in his effort to prevent the entrance of the Mine Workers into the commissary, all of which was done "in furtherance of said conspiracy and pursuant thereto." While the petition is ineptly drawn, we believe it is sufficient to meet the test heretofore laid down. There was a charge that a conspiracy was formed between the Company and its employees to commit a wrongful act, and that, pursuant to and in furtherance of that act, Davenport, an innocent party, was killed. These facts must be taken as true on demurrer. Whether the proof will support the allegations is another story.

It follows from what has been said that the judgment should be and it is reversed, with directions to overrule the demurrer thereto and for proceedings consistent with this opinion.