RIGGS v SZYMANSKI

1. APPEAL AND ERROR—COURTS—DISTRICT COURT—CIRCUIT COURT—
   REMOVAL TO DISTRICT COURT—STATUTES—COURT RULES.

   An appeal from a judgment in district court, in a case which was
   started in circuit court but removed to district court pursuant
   to statute, must be filed and disposed of in the circuit court
   (MCLA 600.641; GCR 1963, 705, 707.1).

2. TRIAL—JURY VERDICT—MANIFEST ERRORS—CORRECTION—INQUIRY
   INTO VERDICT.

   The court may amend a verdict, correcting manifest errors of
   form and sometimes matters of substance, to make it conform
   to the intention of the jury where the intention of the jury is
   ascertainable; a trial judge may question the jury in open court
   to clarify what might be construed as an inconsistent verdict.

3. NEGLIGENCE—AUTOMOBILES—TRIAL—JURY VERDICT—FINDING OF
   NEGLIGENCE—DAMAGES—NO DAMAGE AWARD.

   A jury verdict which found negligence on the part of a defendant
   but which awarded no damages, in a case arising out of an
   automobile accident, was proper where there was no medical
   testimony relating to the injuries plaintiff allegedly sustained
   and there was no proof of the cost of repair of the plaintiff's
   vehicle.

4. APPEAL AND ERROR—DISTRICT COURT—DELAYED APPEAL—MERITORI-
   OUS CLAIM—CULPABLE NEGLIGENCE—COURT RULES.

   An order allowing appeal from a district court judgment, after
   expiration of the time fixed for an appeal as of right, may not
   be granted without a showing that there is merit to the claim
   of appeal and that the delay was not due to appellant's culpa-
   ble negligence (GCR 1963, 705.7[d]).

Appeal from Oakland, William John Beer, J.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur 2d, Appeal and Error §§ 747, 750.
[2] 76 Am Jur 2d, Trial §§ 1208–1213.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1002–1004.

Submitted May 14, 1975, at Detroit. (Docket No. 20543.) Decided July 22, 1975.

Complaint by Mary Riggs against Dale Szymanski and Stanley Szymanski for damages arising out of an automobile accident. The trial judge removed the case to district court. Judgment for defendants. Plaintiff's motion in circuit court for leave to appeal was granted, the verdict for defendants was set aside, and a new trial was ordered. Defendants appeal by leave granted. The order setting aside the verdict and granting a new trial is vacated, and the district court judgment is affirmed.

*Bogus, Krasa & Skawski,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *Millard Becker, Jr.),* for defendants.

Before: T. M. BURNS, P. J. and M. F. CAVANAGH and O'HARA,* JJ.

O'HARA, J. We write to a question of first impression. The case was submitted on a certified concise statement of facts and proceedings. It is five 12-1/2-inch-long pages.

Reference may be had thereto by those desirous of more background than we shall include in our opinion.

In brief what happened is that both plaintiff's and defendant's[1] automobiles were stopped at a traffic light. The plaintiff says defendant bumped into her car from the rear. Defendant says plaintiff's vehicle rolled backwards into his.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Dale Szymanski was the driver of the vehicle which allegedly struck the plaintiff's automobile. Stanley J. Szymanski was the owner of the involved vehicle.

The only ascertainable damage was a dent "around the keyhole of plaintiff's trunk". The contact took place December 14, 1969. This damage was testified to by both plaintiff and defendant-driver and verified by a photograph. Plaintiff "sought treatment" by a doctor. He was not called as a witness at trial.

Suit was started November 30, 1970 in the Oakland County Circuit Court. It was assigned for trial June 19, 1972. The trial judge removed the case to the 43rd Judicial District Court to "expedite the trial and disposition of this action".[2] A jury trial in that court took place January 9, 1973. The jury brought in the following verdict:

"It's a unanimous decision that the defendant is negligent and there is no cause for action."

The district judge then addressed the foreman who had announced the verdict:

"*The Court:* Well, can you explain that a little bit more? In other words, you found that the defendant is negligent. Is that correct, Mr. Hocking?

"*Mr. Hocking:* Yes, sir.

"*The Court:* And—but even though the defendant is negligent, you find that the damages do not flow from this negligence. Is that my understanding?

"*Mr. Hocking:* That's—that is right, sir. The minor damage results of the picture we see and the description of the accident scene does not warrant any compensory [sic] settlement."

Nothing took place thereafter until on or about September 19, 1973. On or about that date plaintiff filed a motion in the Oakland County Circuit Court for leave to appeal. Defendant's responsive

---

2 *See* GCR 1963, 707.1 and MCLA 600.641; MSA 27A.641.

pleading, according to the stipulated statement, raised the following issues:

"(1) that plaintiff's motion for leave to appeal was filed in the wrong court in that it should have been filed in the Court of Appeals rather than the Oakland County Circuit Court; (2) that plaintiff does not have a meritorious claim upon which relief can be granted; (3) that plaintiff's motion for leave to appeal was not timely filed and plaintiff gave no valid basis for which the court could exercise its sound discretion in granting plaintiff's motion; and (4) that the granting of plaintiff's motion would work a great injustice and hardship to the defendants in this matter due to the trial, proceedings, post-trial proceedings and the length of time which transpired since the entry of the order denying plaintiff's motion for judgment notwithstanding the verdict or, alternatively, for new trial as to damages only."

In addition to the foregoing excerpt the stipulated statement contained this excerpt:

"The motion of the plaintiff *for delayed appeal only* was argued before the Honorable William John Beer of the Oakland County Circuit Court on September 26, 1973 with the court taking the matter under advisement. Thereafter, on November 5, 1973, the court advised, without answering the jurisdictional questions raised and the untimeliness of the motion, that it had granted plaintiff's motion for leave to appeal and, summarily, without giving the defendants an opportunity to be heard on whether a new trial should be granted, ordered a new trial again to be held in the 43rd Judicial District Court, Hazel Park Division." (Emphasis in original.)

The question of first impression to which we adverted in the opening sentence of this opinion is whether after removal by a circuit court to a district court of an action originally started in the

circuit court, for the rule-quoted[3] reason "to expedite the trial and disposition of the action", appeal from the final disposition in the district court is to the circuit court, where the action was started, or to the Court of Appeals.

We hold that either an appeal of right or a motion for delayed appeal must be filed and disposed of in the circuit court in which the action was started.[4]

Our reason is that neither the statute[5] nor the court rule[6] suggests otherwise.[7] We cannot create our own jurisdiction. It is created by statute or court rule.[8] Our most diligent reading of both, neither explicitly, nor by reasonable implication, would justify the conclusion we have it. Thus we reason that the class of case at bar follows the established procedure of appeals from the district to the circuit court.[9]

We now examine the action of the trial judge in setting aside the district court order denying a

---

[3] See fn 2, supra.

[4] See generally GCR 1963, 705.

[5] MCLA 600.641; MSA 27A.641.

[6] GCR 1963, 707.1.

[7] We note that MCLA 600.8301; MSA 27A.8301 confers upon the district courts *exclusive* jurisdiction for all matters in which the amount in controversy does not exceed $10,000. When a cause is removed from the circuit court to the district court pursuant to MCLA 600.641; MSA 27A.641, and/or GCR 1963, 707.1, the circuit court is simply acknowledging that since the amount of damages which may be recovered, in all probability, will be less than $10,000 that the district court is the only court which possesses statutory jurisdiction to hear the claim. Since the district court is not exercising any jurisdiction which a circuit court possesses but only that which is conferred upon it by statute the circuit court does not retain concurrent jurisdiction over a claim which is within the exclusive jurisdiction of the district court. This does not preclude the jury from rendering a verdict in the amount demanded by the plaintiff even though it proves to be in excess of the jurisdictional limits applicable to district courts. See MCLA 600.641(4); MSA 27A.641(4).

[8] For example, see GCR 1963, 801.3.

[9] GCR 1963, 705.

new trial, and ordering a new trial in the district court.

In this we think the circuit judge was in error and reversibly so.

Jury verdicts which find negligence on the part of a defendant but award no damages are not new to our jurisprudence. This has sometimes been known by its Latin version: *"Injuria absque"* (or *"sine damno").* Generally it has been associated with the *de minimis* concept. In its simplest terms it merely means that there has been the invasion of another's rights, but that no damage, or minuscule damage, flowed from the wrongful act.

In this case there was no medical testimony relating to the injuries plaintiff allegedly sustained as a result of the minor collision. Neither was there any proof of the cost of repair of the minuscule dent in her vehicle.

Expressed another way the jury's verdict may be properly interpreted to mean that the jury found no proximate causation and hence no recovery, or no proof of any monetary loss upon which to base an award of damages.

The colloquy between the district judge and the foreman of the jury which we quoted earlier left no doubt as to the essence of the jury's verdict. The right of the trial judge to question the jury in open court to clarify what might be construed as an inconsistent verdict, but which in reality needs only clarification, is settled by Supreme Court precedent which binds us.

"There can be no doubt that where the intention of the jury is ascertainable the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury." *Rabior v Kelley,* 194 Mich 107, 117; 160 NW 392 (1916).

See also *In re Sorter's Estate,* 314 Mich 488; 22 NW2d 767 (1946), *Rathbone v Detroit United Railway,* 187 Mich 586; 154 NW 143 (1915).

Thus we are left only with the propriety of the circuit judge granting the delayed motion for a new trial. Assuming *arguendo* that there was no culpable negligence, at least which was imputable to plaintiff, it must be remembered that the applicable rule requirements are twofold. The grounds asserted must negate culpable negligence and indicate the existence of a meritorious claim. The involved court rule provides:

"An order allowing appeal is necessary:

\* \* \*

"(d) In all other cases after the expiration of the time herein fixed for appeal and within such further time as may be permitted by law, upon showing, by affidavit or otherwise, that there is merit in appellant's claim of appeal and that the delay was not due to appellant's culpable negligence." GCR 1963, 705.7(d).

We find no suggestion of any meritorious claim which could be advanced. Plaintiff told her story. The defendant told his. The jury was properly instructed. They believed the defendant's version. That's the way the system works. It is not for reviewing courts to assume this fact-finding function.

The order of the circuit court setting aside the jury verdict and granting a new trial is vacated.

The verdict of the jury in the district court, which found defendant negligent but awarded no damages, is affirmed. Costs to the appellants.