ALSTON v TYE

1. TRIAL—JUDGES—JURY VERDICT—UNCLEAR VERDICT.

A trial judge has the obligation to ascertain the real verdict of a jury where the foreman's statement of the jury's decision is not clear.

2. JURY—JURY VERDICT—NEGLIGENCE—NO CAUSE OF ACTION.

A jury finding, in an action for damages for negligence, that the defendant was responsible for the accident but that the plaintiff had not shown any damages constitutes a finding of no cause of action.

3. APPEAL AND ERROR—JUDGMENT—JURY VERDICT—INTENT OF JURY.

The Court of Appeals may order an entry of judgment consistent with the intent of a jury where that intent is clear from the record.

Appeal from Wayne, Roland L. Olzark, J. Submitted October 12, 1975, at Detroit. (Docket No. 18757.) Decided February 9, 1976.

Complaint by Lorraine F. Alston and J. C. Allen against Madison Tye, Floyd Hill, Jr., and Joseph W. Hill, jointly and severally, for damages resulting from an automobile accident. Judgment for plaintiffs, but no damages awarded to plaintiff Alston. Plaintiff Alston appeals. Remanded for entry of judgment of no cause of action against plaintiff Alston.

*Barbara, Wisok, Ruby & Domol, P. C.,* for plaintiff Lorraine F. Alston.

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1116.
[2] 76 Am Jur 2d, Trial § 1205.
[3] 5 Am Jur 2d, Appeal and Error § 833.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants Floyd Hill, Jr., and Joseph W. Hill.

*Ronald C. Winiemko,* for defendant Madison Tye.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

BRONSON, P. J. Plaintiffs instituted suit against defendants in Wayne County Circuit Court to recover for injuries allegedly resulting from an automobile accident. After a full trial, the jury returned a verdict in favor of plaintiff J. C. Allen for $375, but awarded plaintiff Lorraine Alston no damages. Mrs. Alston appeals from the order of judgment entered pursuant to that jury verdict.

This cause of action arises out of a three-car accident occurring on the snowy night of November 15, 1969. Mrs. Alston slowed down and then stopped her car, owned by plaintiff J. C. Allen, to avoid a previous accident. Her car was struck from behind by an automobile being driven by defendant Tye. The Tye automobile was in turn struck from behind by the Hill car.

A large part of the trial testimony centered around the timing of this sequence of collisions. Tye claimed that he was pushed into plaintiffs' car after the Hill car ran into his vehicle, and that he otherwise would have been able to safely stop. The Hills contended that the Tye automobile had already collided with plaintiffs' car when their car struck the rear of the Tye car. Finally, Mrs. Alston and her passengers testified that their car was first struck by the Tye vehicle, and was struck for a

second time as that middle car was pushed into them by the Hill car.

Plaintiff Lorraine Alston testified as to injuries to her neck and back resulting from the accident, and called a chiropractic physician who had treated her to verify the existence and cause of those injuries. The damage to the automobile owned by J. C. Allen was stipulated by the parties to be $375.

The personal injury claims of Mrs. Alston were vigorously contested by defendants. Their own medical expert testified that he could find no objective evidence of any injury to plaintiff. Several weaknesses in the story told by Mrs. Alston were emphasized: that she had made no mention of any injury when she took her injured passengers to the hospital; that the small amount of damage to her automobile was not consistent with her claim of intense stress upon her neck during the collision. Finally, defendants brought out that Mrs. Alston had filed a workmen's compensation claim for the same injury, indicating that it had in fact occurred during her work, prior to the accident.

The jury returned after deliberating, and the following verdict was returned:

"*The Clerk:* Will the foreman please rise? (Whereupon the juror in Seat No. 2 stood.)

"*The Clerk:* Has the jury agreed upon a verdict?

"*Juror No. 2:* Yes, we have.

"*The Clerk:* What is your verdict?

"*Juror No. 2:* We the jury find in favor of the plaintiff J. C. Allen and assess his damages as $375.00.

"*The Clerk:* How about in relation to the plaintiff Mrs. Alston.

"*Juror No. 2:* We feel she should be awarded no damages.

"*The Court:* All right. Do you want to poll the jury?

"*The Clerk:* Is the damage for Mr. Allen for the amount of the car against both defendants, all the defendants?

"*Juror No. 2:* All the defendants.

"*The Clerk:* Then you award no damages to the plaintiff?

"*Juror No. 2:* Right.

"*The Clerk:* All right, members of the jury, will you rise and raise your right hands and listen to your verdict as recorded. You say upon your oath that you find in favor of the plaintiff J. C. Allen against all defendants in the amount of $375.00; and further, that you say upon your oath, that you find in favor of all the defendants against the plaintiff Lorraine Alston, formerly known as Lorraine Fuqua, no cause of action; so say you Madam Foreman, so say you members of the jury?"

Upon a request by counsel for plaintiffs, the jury was polled, and they all assented to that verdict.

The jury was returned to the jury room, and the trial judge asked the parties if they were satisfied with the form of the verdict. Plaintiffs' counsel indicated that he did not think that the jury had returned a verdict of no cause of action with respect to plaintiff Lorraine Alston. The court agreed that they had not technically done so, whereupon he recalled the jury to clarify its verdict.

The following exchange then occurred:

"*The Court:* All right, ladies and gentlemen of the jury, in your verdict you found in favor of the plaintiff J. C. Allen and you awarded him his damages. By that verdict, you felt that the defendants were responsible for the accident. *However, if I am interpreting the verdict correctly, while they were responsible for the accident which would have been a proper form of the verdict in that event, you felt that the plaintiff Mrs.*

*Alston had not shown any damages, is that correct?* We will take you individually and start back there. Would you stand up, please? Would you state your name?

"*Juror Cooper:* Clarence Cooper.

"*The Court:* Do you understand the court's question?

"*Juror Cooper:* Yes, I believe so.

"*The Court:* Is that the verdict that you agreed upon?

"*Juror Cooper:* Yes." (Emphasis added.)

The other jurors also responded affirmatively. The trial judge summarized the verdict at that point:

"*The Court:* All right, then ladies and gentlemen, I am going to read the verdict the form of the verdict as would be consistent with what you told me here. If there is any contraindication by you, I want you to raise your hand.

"We the jury find in favor of the plaintiff Lorraine Alston and assess her damages at nothing. Then we the jury find in favor of the plaintiff J. C. Allen and assess his damages at $375.00; is that the correct verdict?

"Let the record show they all indicate yes. Thank you very much for your time and consideration in this matter. You can be discharged now. * * * "

Plaintiff Lorraine Alston argues on appeal that the jury returned a verdict in her favor, but awarded nothing in damages. Citing several cases, Mrs. Alston contends that the jury verdict was inadequate, because it ignored certain uncontroverted out-of-pocket expenses and did not take into account pain and suffering. We disagree, for we cannot accept this plaintiff's first contention. A fair reading of the jury's verdict indicates that the jury intended to find no cause of action against defendants with respect to plaintiff Lorraine Alston.

The trial judge acted properly in initially recalling the jury to question it as to its verdict. The statement by the foreman that "we feel she should be awarded no damages" was ambiguous. It could have meant that the jury found no cause of action, or that it found in favor of Mrs. Alston but assessed her damages at nothing. The jury had not been instructed on the form of their verdict if they found for one plaintiff but not the other, so this language had no particular legal meaning. In these circumstances, where the foreman's statement of the jury decision is not clear, the trial judge has the obligation to ascertain the real verdict of the jury, *Standard Oil Co v Gonser,* 331 Mich 29; 49 NW2d 45 (1951), *Rabior v Kelley,* 194 Mich 107; 160 NW 392 (1916), *Riggs v Szymanski,* 62 Mich App 610; 233 NW2d 670 (1975).

We think that the initial questioning by the trial judge eliminated the ambiguity. The jury indicated that although defendants were "responsible for the accident", they felt plaintiff Lorraine Alston had "not shown any damages". Similar language in *Riggs v Szymanski, supra,* was held to constitute a finding of no cause of action. The Court equated the verdict with one which finds that no damages were found to be proximately caused by defendant's actions:

"Jury verdicts which find negligence on the part of a defendant but award no damages are not new to our jurisprudence. This has sometimes been known by its Latin version: *'Injuria absque'* (or *'sine damno').* Generally it has been associated with the *de minimis* concept. In its simplest terms it merely means that there has been the invasion of another's rights, but that no damage, or minuscule damage, flowed from the wrongful act.

"In this case there was no medical testimony relating to the injuries plaintiff allegedly sustained as a result of

the minor collision. Neither was there any proof of the cost of repair of the minuscule dent in her vehicle.

"Expressed another way the jury's verdict may be properly interpreted to mean that the jury found no proximate causation and hence no recovery, or no proof of any monetary loss upon which to base an award of damages." *Riggs v Szymanski, supra,* at 615.

Here, the jury obviously believed the defendants' theory that plaintiff's injuries, if any, were caused by her job conditions prior to the accident.

We hold that the trial judge inaccurately summarized the verdict of the jury as "We the jury find in favor of plaintiff Lorraine Alston and assess her damages at nothing." The fact that the jury assented to this form of its verdict is not important, for the judge indicated that he was "going to read * * * the form of the verdict as would be consistent with what you told me here". The intent of the jury to enter a no cause of action is clear from the record. In such a case, this Court can order entry of judgment consistent with that intent. See, *Naccarato v Grob,* 384 Mich 248; 180 NW2d 788 (1970). Consequently, we remand this cause for entry of judgment in favor of all defendants against plaintiff Lorraine Alston.

Costs of this appeal to defendants.