GREENE v UNION OPTICAL CENTER, INC

Docket No. 78-1364. Submitted November 15, 1979, at Lansing.—
Decided January 23, 1980. Leave to appeal applied for.

Jimmy E. Greene purchased a pair of eyeglasses from Nu Vision
Optical of Michigan, Inc. He subsequently made another pur-
chase from Nu Vision. The nature of this purchase is in
dispute, but testimony indicates that it was a replacement lens.
A year later, he purchased a replacement lens from Union
Optical Center, Inc. It is disputed whether this was a right or a
left lens. Shortly thereafter, the right lens shattered and
Greene's eye was injured. Greene brought an action for dam-
ages against both Union Optical and Nu Vision. A judgment
was entered in favor of the defendants by the Genesee Circuit
Court, Philip C. Elliott, J., upon a jury verdict of no cause of
action. Plaintiff appeals, alleging error in the jury instructions
regarding the burden of proof and regarding contributory negli-
gence. *Held:*

1. Evidence at trial showed that both defendants failed to
comply with a Federal record-keeping regulation regarding
impact resistant lenses, therefore there was no record as to
which of the defendants manufactured the allegedly defective
lens. The plaintiff was unable to show which of the defendants
was the source of the lens. The trial court's instructions to the
jury directed a verdict in favor of both defendants if the
plaintiff failed to show which was negligent. This was erro-
neous. In this case the burden of proof should be shifted to the
defendants to show which of them made the lens.

2. The trial court's instruction on contributory negligence
was proper.

Reversed and remanded.

CYNAR, J., concurred separately. He agrees that in this case
the burden of proof of showing which defendant made the lens

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 4, 234.
[2] 57 Am Jur 2d, Negligence § 186 *et seq.*
[3] 57 Am Jur 2d, Negligence § 308 *et seq.*
[4] 58 Am Jur 2d, New Trial §§ 125, 126.

should be shifted to the defendants. He would hold that a new trial is warranted because the jury verdict was ambiguous as to whether it was based upon the incorrect jury instruction or upon a finding of no negligence.

### Opinion of the Court

1. Negligence — Evidence — Regulations — Eyeglasses.

   Failure of a defendant dispenser of eyeglasses to comply with a Federal regulation requiring certain record-keeping in regard to the sale of impact resistant lenses constitutes evidence of negligence.

2. Negligence — Burden of Proof — Multiple Defendants.

   A plaintiff's burden of proof may, in certain situations, be shifted to the defendants where more than one defendant has been negligent and the plaintiff is unable to prove which of the defendants' actions were the proximate cause of his injury.

3. Negligence — Contributory Negligence — Statutory Duty.

   The mere presence of a statutorily imposed duty on a defendant does not preclude consideration of contributory negligence on the part of an injured plaintiff.

### Concurrence by Cynar, J.

4. Negligence — New Trial — Ambiguous Jury Verdict.

   *A new trial is warranted in a negligence case where a jury verdict in favor of the defendants is ambiguous and could have been based either upon an incorrect jury instruction or a finding of no negligence.*

*Bellairs, Dean, Cooley & Siler,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C. (by Joseph V. Walker* and *Jeannette A. Paskin),* for defendant Union Optical, Inc.

*Keil, Henneke, Ruhala & McKone,* for defendant Nu Vision Optical of Michigan, Inc.

Before: T. M. Burns, P.J., and Cynar and A. M. Bach,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiff-appellant Jimmy E. Greene brings this appeal from a jury verdict in favor of the defendants-appellees Union Optical Center, Inc. and Nu Vision Optical of Michigan, Inc., both Michigan corporations. As a basis for his appeal, the plaintiff claims that the trial court committed reversible error in its jury instructions covering one aspect of the plaintiff's burden of proof and the applicability of contributory negligence to defeat the original negligence claim.

The facts of this case indicate that one of the two defendants manufactured a lens for the plaintiff's eyeglasses which shattered in a collision of the plaintiff and an opponent in a basketball game. On December 19, 1972, the plaintiff bought a pair of glasses from defendant Nu Vision. The glasses included a frame and two lenses. On May 14, 1973, the plaintiff made a second purchase from defendant Nu Vision. The nature of this purchase is in dispute. However, testimony indicates that the only merchandise available from Nu Vision at that time for the price paid was a replacement lens. Approximately one year later, on May 18, 1974, the plaintiff purchased another replacement lens for his glasses, this from defendant Union. There is a dispute between defendant Union and the plaintiff as to whether the lens was a right or left lens. On May 30, 1974, the right lens shattered, leaving the plaintiff with a substantial loss of vision in his right eye.

The trial court issued two instructions, now in dispute, regarding the plaintiff's burden of proof and the applicability of contributory negligence as a defense. As to the burden of proof, the trial court instructed:

"As I have said, both of the defendants cannot be

liable to the Plaintiff, and the Plaintiff has the burden of proof as to which of them is liable to him."

\* \* \*

"Moreover, if you cannot decide which defendant made and sold the lens that broke because evidence as to this is so evenly balanced or inadequate that it does not satisfy you as to which defendant was the manufacturer of that lens, then you cannot find against either defendant and, therefore, must return a verdict in favor of both defendants."

Evidence was entered in the trial to show that both defendants failed to comply with the recording requirements of 21 CFR § 801.410 (1979), which provides in part:

"(e) Copies of invoice(s), shipping document(s), and records of sale or distribution of all impact resistant lenses, including finished eyeglasses and sunglasses, shall be kept and maintained for a period of 3 years; however, the names and addresses of individuals purchasing nonprescription eyeglasses and sunglasses at the retail level need not be kept and maintained by the retailer. The records kept in compliance with this paragraph shall be made available upon request at all reasonable hours by any officer or employee of the Food and Drug Administration or by any other officer or employee acting on behalf of the Secretary of Health, Education, and Welfare and such officer or employee shall be permitted to inspect and copy such records, to make such inventories of stock as he deems necessary, and otherwise to check the correctness of such inventories.

"(f) In addition, those persons conducting impact tests in accordance with paragraph (d) of this section, shall keep and maintain the results thereof for a period of 3 years. Such records and results shall be made available, upon request at all reasonable hours by any officer or employee acting on behalf of the Secretary of Health, Education, and Welfare and shall permit such officer or employee to inspect and copy such records, to make

such inventories of stock as he deems necessary, and otherwise to check the correctness of such inventories."

Failure to comply with this administrative regulation constitutes evidence of negligence. *Douglas v Edgewater Park Co,* 369 Mich 320; 119 NW2d 567 (1963). This evidence was not rebutted by either defendant.

In certain situations, a plaintiff's burden of proof may be shifted to the defendants where more than one defendant has been negligent and the plaintiff is unable to prove which of the two defendants proximately caused his injury. In this case, the trial court incorrectly instructed the jury that if the plaintiff failed to prove which of the two defendants manufactured the broken lens, it should return a verdict in favor of both defendants. This Court ruled in *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708, 718; 202 NW2d 727 (1972), that the question of shifting a burden of proof to multiple defendants was one of "policy and fairness based on experience in the different situations". We believe that special circumstances did exist in this case, sufficient to shift to the defendants the burden of showing which of them manufactured the broken lens. The plaintiff was unable to show which defendant was the source of the assertedly defective lens. The defendants' own negligence in failing to comply with applicable record keeping regulations should not be used as a basis for giving the plaintiff an unfair burden of proof. Therefore, we remand this case for a new trial, in which the defendants will bear the burden of proving which of them made the lens.

As to the claim that the trial court improperly instructed on the applicability of contributory negligence, the plaintiff's reliance upon *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641

(1974), is not valid. The regulation involved in this case differs substantially from that of *Funk*. In *Funk*, the disputed regulation imposed a duty to provide sufficiently safe working conditions and safety precautions for workers forced to engage in dangerous activities while on the job. Where the defendant employer failed to comply with the statutorily imposed safety precautions, the Court found the contributory negligence of the plaintiff employee unavailable as a defense to the employer's negligence. Contrary to the argument posed by the plaintiff herein, *Funk* does not stand for the proposition that the mere presence of a statutorily imposed duty precludes any consideration of contributory negligence. In this case, the jury could have found that the plaintiff's own negligent conduct was the proximate cause of his injury, even if the manufacturing standards of 21 CFR § 801.410 were not met. Therefore, the trial court did not err in instructing on contributory negligence.

Accordingly, we hold that the trial court committed reversible error in failing to place upon the defendants the burden of proof as to which of them manufactured the broken lens. For reasons of policy and fairness, the trial court should place this burden on the defendants. *Snider v Bob Thibodeau Ford, Inc, supra.*

Reversed and remanded for a new trial in accordance with this opinion.

CYNAR, J. *(concurring).* While concurring with the majority opinion, I believe further comment is in order concerning burden of proof. The instructions on burden of proof were in error because special circumstances did exist in this case, sufficient to shift to the defendants the burden of showing which of them manufactured the broken

lens. *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708; 202 NW2d 727 (1972). Here the jury may have rested its verdict on the trial court's instruction that, in the absence of evidence indicating which of the two defendants was liable, the jury should return a verdict in favor of both defendants. Or the jury may have concluded that regardless of any violation of Federal record-keeping requirements under 21 CFR § 801.410, the lens in question was not defectively made. Where the jury verdict is ambiguous and could have been based upon an incorrect jury instruction, or a finding of no negligence, a new trial is warranted. *Alston v Tye,* 67 Mich App 138; 240 NW2d 472 (1976).