**Mary Etta DAVIS et al.,
Plaintiffs-Appellants,**

v.

**Randall Nile YEARWOOD et al.,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 8, 1980.

OPINION

TODD, Presiding Judge.

The plaintiffs have been granted an extraordinary appeal to review the action of

the Trial Judge in holding that the complaint fails to state a cause of action against 59 of a total of 102 defendants. The suit arises out of a tragic fire in the Maury County jail which was allegedly caused or aggravated by certain devices and materials in the jail.

The present appeal relates only to the recognition of the theory or doctrine of "enterprise" or "industry wide" liability, that is liability of defendants because they are engaged in a particular enterprise or industry without any direct causal connection with the injuries and damages claimed by plaintiffs.

According to the complaint, the jail fire occurred in a padded cell in which were pads or other equipment composed of inflammable material the burning of which produced extreme heat, dense smoke and poisonous fumes which caused death and serious injury to inmates, officers and visitors, including plaintiffs. The exact materials in question are not identified in the complaint which mentions several materials disjunctively as possibly being present.

The complaint charges specific acts or omissions of other defendants who are alleged to be manufacturers or furnishers of equipment in the jail; but none of the defendants-appellees are charged by the complaint with having manufactured, sold, furnished or installed any equipment in the jail. The complaint states that the names of the manufacturers, sellers, furnishers and installers are unknown, as are the names of the materials present in equipment and furnishings. The apparent purpose of the complaint is to name all possible manufacturers, sellers, furnishers or installers of any and all possible materials, equipment and furnishings which might have been in the padded cell, or at least representatives of all such firms as members of a larger class and to require such firms to ascertain the names of culpable persons or entities for the benefit of plaintiffs and the court.

The order of the Trial Court sustaining appellees' motions to dismiss stated:

... the burden of proof is on the plaintiff to make out this case; the burden of proof does not shift in the first instance; and the burden of proof to show the duty and breach of duty and how the particular defendants, or any of them, breached the duty is still upon the plaintiffs.

The holding of the Trial Court might be better expressed as follows:

To withstand a motion to dismiss, the complaint must allege facts which show that the moving defendant proximately caused or contributed to the injury; ...

The order specifically declined to recognize the theory of enterprise liability in this case and dismissed all claims of plaintiffs based thereon.

In addition to theories of enterprise and industry-wide liability, plaintiffs-appellants assert as valid grounds of recovery the doctrines of joint and several liability, concert of liability and alternative liability.

According to appellants' supplemental brief filed in this Court on September 18, 1980, the following numbered paragraphs of the complaint assert negligence as indicated:

119. "The foam industry," and chemical corporation defendants ignored a "U.L. Report" or sold their products or failed to warn the public;

120.–121. "SPI," "ASTM" and "UL" failed to provide fire fighting and testing information to firemen;

121. The same industry failed to adopt tests and safety standards, delayed in taking "appropriate action" and continued promotion of plastic products;

122. Various defendants promoted the sale of urethane products;

123. Certain named defendants and "all of the defendant chemical companies and classes mentioned herein" operated as a collective unit by establishing an industry-wide custom;

124. Certain defendants performed inadequate tests and prescribed inadequate safety standards;

125. Certain named defendants, "all chemical corporations and all other defendants within the classes mentioned herein including all manufacturers in the world ... continued to sell their products with knowledge of their danger; ..."

132. "One or more of all the defendants..."

A. Failed to keep abreast of scientific knowledge.

B. Established inadequate safety standards.

C. Established false and misleading tests and standards.

D. Advertised falsely.

E. Misrepresented flammability.

F. Failed to institute appropriate safety measures.

G. Misrepresented fire hazard.

H. Manufactured and sold dangerous materials.

I. Aided in producing and sold a dangerous product.

J. Labeled products improperly.

K. Tested and inspected improperly.

L. Failed to warn.

M. Failed to change product.

N. Failed to recall product.

O. Failed to warn.

P. Failed to instruct firemen.

Q. Failed to improve product.

R. Failed to warn of toxic gases.

S. Failed to warn of effect of wear.

T. Failed to warn of effect of heat.

U. Failed to exceed minimum standards.

V. Failed to improve or recommend improvement.

W. Failed to anticipate use of product.

X. Failed to forsee intervening forces.

Y. Produced an inherently dangerous product.

Z. Supplied products unsafe for jails.

133. "All the defendants except ..." misrepresented their product.

136. One or more or all of the defendants unlawfully possessed and dispensed hazardous materials.

137. One or more of 15 different chemical components were part of the materials which burned, but the particular component and the manufacturer thereof could not be ascertained, hence all manufacturers of all 15 possible ingredients were liable.

146. Sixty-one named defendants were the "most probable" manufacturers of said 15 chemicals.

147. Said 61 defendants had joint control of the "risks and hazards" of manufacture and joint ability to reduce risks.

■ Appellants' brief attempts to rely upon certain affidavits filed in response to defendants' motions to dismiss. Said affidavits are immaterial to a motion to dismiss for insufficient allegations in the complaint (demurrer). Lack of necessary allegations in the complaint are the only basis for the Court's ruling. Deficiencies in the complaint cannot be supplied by affidavits.

In spite of the allegations of the complaint that appellants cannot ascertain the identity of the agencies which directly caused their injuries, the complaint does specifically allege the specific names of specific suppliers of the allegedly defective equipment and materials.

Granting the liberality of our rules in regard to alternative pleading, this is not an appropriate case in which to establish for the first time in Tennessee a doctrine allowing recovery against a whole industry or arbitrarily selected parts thereof because the particular culprit cannot be identified. The authorities cited by appellants are readily distinguishable from the facts alleged herein.

*Hall v. E. I. Dupont De Nemours & Co., Inc.,* E.D.N.Y.1972, 345 F.Supp. 353, is a trial court judgment involving blasting caps. The six defendants manufactured virtually all blasting caps, their products were identical and indistinguishable, and

the furnisher of the particular caps could not be identified. While the difference is one of degree, the number of participants in the blasting cap industry and the number of participants in the chemical and plastics industries do magnify the reasons why this Court is unwilling in this case to countenance such a gross and flagrant departure from established notions of liability. Moreover, the blasting cap industry is generally subject to strict or absolute liability as an ultrahazardous industry. *Trull v. Carolina-Virginia Well Company*, 264 N.C. 687, 142 S.E.2d 622 (1965).

In *Sindell v. Abbott Laboratories*, 1980, 26 Cal.3d 588, 163 Cal.Rptr. 132 607 P.2d 924 and *Abel v. Eli Lilly and Company*, 1979, 94 Mich.App. 59, 289 N.W.2d 20, the product was a drug produced in identical form by the defendants, and the plaintiffs did not offer to identify the manufacturer. Both decisions rejected enterprise liability. *Sindell* denied alternative liability and allowed "market share liability" against the defendants who produced 90% of the drug marketed in the United States. In *Abel*, the plaintiffs were permitted to proceed on the "concert of action" or "alternative liability" theories because the defendants were known to have distributed the drug in the state in which the injury occurred.

In the present case, there is no pretense of specifying the particular material which caused the injury and the particular agencies responsible for marketing it in the Maury County area. Instead, broad, general allegations as to possible classes of materials and classes of manufacturers are asserted.

*In Re Beverly Hills Fire Litigation*, Civil No. 77–79 (E.D.Ky.1979), a trial court judgment cited by plaintiffs, the doctrines of enterprise liability and alternative liability were specifically rejected, and "concert of action" liability was approved only upon a showing of production of substantially identical defective products, which is not alleged herein.

In *Greene v. Union Optical Ctr., Inc.*, 1980, 95 Mich.App. 167, 290 N.W.2d 111, the plaintiff was unable to distinguish which of the two defendants produced the defective eyeglass lens. Neither defendant had preserved records of sales as required by Federal regulations. Such records would have readily identified the producer. Thus, the gravamen of the special relief was violation of a regulation, thereby concealing identity.

■ The complaint fails to state any basis of recovery against appellees for their actual, conscious participation in wrongful acts which proximately caused the injuries of appellants. The complaint also fails to state any legally sustainable recovery against appellees arising out of any alleged association with or concert in such wrongful acts.

Accordingly, the action of the Trial Judge is affirmed. The suits against all of the appellees are dismissed. All costs relating to the inclusion of appellees in these suits, including costs of this appeal, are taxed against appellants.

The causes are remanded to the Trial Court for further proceedings.

Affirmed and remanded.

LEWIS, J., and BLACKBURN, Special Judge, concur.