Deborah M. MARSHALL, Individually and as Personal Representative of the Heirs and Estate of Frederick A. Marshall, Jr., Deceased, Plaintiff,

v.

The CELOTEX CORPORATION, Fibreboard Corporation, Keene Corporation, and Pittsburg Corning Corporation, Defendants.

Civ. A. No. 82–73643.

United States District Court,
E.D. Michigan, S.D.

May 12, 1987.

Robert E. Sweeney, Jr., Robert E. Sweeney, Sr., Cleveland, Ohio, and Kenneth B. Williams, East Lansing, Mich., for plaintiff.

Ronald E. Wagner, Kitch, Saurbier, Drutchas, Wagner & Kenney, Detroit, Mich., for defendants.

## OPINION

FEIKENS, District Judge.

I write to explain my reasons for certifying this question to the Michigan Supreme Court.

Plaintiff's decedent, Frederick Marshall, worked as a civilian shipfitter at the U.S. Navy facility in Guantanamo Bay from 1967 to 1971. His duties required him to work in and around areas where asbestos materials were being used by pipecoverers and others.

In October of 1980, Marshall was diagnosed as suffering from peritoneal mesothelioma. This disease process continued unabated until his death on March 5, 1981. This lawsuit was filed after his death.

During his lifetime, Frederick Marshall was never able to identify the manufacturers or suppliers of the asbestos-containing products he was exposed to at Guantanamo Bay. Since the time of his death and the initiation of this litigation, his surviving spouse has also been unable to identify such suppliers or manufacturers.

Through the Freedom of Information Act, plaintiff made requests to the U.S. Navy for documentation to identify the asbestos manufacturers or suppliers. The only documents produced by the Navy were "Qualified Products Lists" ("QPLs"). The relevant QPL identifies companies approved by the Navy for bidding on contracts to supply pipe and block thermal insulation in the years 1967 to 1971. No other documentation was discovered to establish who in fact supplied the asbestos-containing materials to Guantanamo Bay in the years in question. Remaining within this lawsuit are four of the eight suppliers of asbestos materials identified on the QPL.

I granted defendants' motion for summary judgment as to plaintiff's theories of alternative liability, market share liability, and enterprise liability. *Marshall v. Celotex*, 651 F.Supp. 389 (E.D.Mich.1987). Later, I denied defendants' summary judgment motion regarding plaintiff's concert of action theory of liability. *Marshall v. Celotex*, 652 F.Supp. 1581 (E.D.Mich.1987). In the memorandum opinion and order of February 17, 1987, I indicated plaintiff should have an opportunity to illuminate the concert of action issue through her proofs and create an evidentiary record for appeal. I opined:

> To survive a motion for direct verdict, [plaintiff] must establish both cause in fact, by demonstrating defendants' concerted activity, and proximate cause, by demonstrating that defendants' conduct "was so significant and important a cause that [defendants] should be legally responsible."

*Cousineau v. Ford Motor Company*, 140 Mich.App. 19, 35, 363 N.W.2d 721 (1985) (remanding for trial court ruling on proximate cause), mem. op. and order, *supra* at 582.

On the scheduled first day of trial, both parties asked for clarification of the proofs necessary to substantiate the proximate cause prong of a concert of action theory of tort liability. I articulated on the record that plaintiff must show, at a minimum, that one of the defendants who acted "in concert" supplied asbestos-containing products at Guantanamo Bay before or during the time plaintiff's decedent was exposed. Since plaintiff maintains she is unable to identify which, if any, of the named defendants supplied the asbestos that harmed her husband, my ruling would effectively preclude plaintiff from prevailing. If plaintiff could not produce the proofs I have prescribed, she could prevail only if a reviewing court were to reverse my ruling on the requirements for concert of action liability. Rather than force plaintiff to incur the expense of trial in the face of a likely directed verdict, I decided to stay the proceedings and request the Michigan Supreme Court's opinion on the law at issue here.

Michigan law clearly recognizes a concert of action theory of tort liability. Application of the theory here, however, would be the first in an asbestos-related case. Thus, it is an open question whether a plaintiff in such a case must identify a particular defendant as having manufactured or supplied the injury-causing product.

There are strong policy arguments on both sides. On one hand, I am sympathetic to plaintiff's predicament. The death of a worker from exposure to an unreasonably dangerous product involves a grievous wrong if the product's manufacturer/supplier knew or should have known of the danger. It seems unjust to leave plaintiff in this position without a remedy simply because there is no information available to trace the manufacturer/supplier.

On the other hand, a lax standard of proximate cause could extend a defendant's liability beyond the bounds of lawful fairness. A defendant proven to have acted in concert with other manufacturers to conceal the dangers of asbestos is guilty of wrongdoing and, if it or one of the tortfeasors has been shown to have delivered the product to plaintiff's employer, it should be held liable if one of the wrongdoer's product injures a plaintiff. It would be fundamentally unfair, however, to hold such a defendant liable for the product-related harms caused by manufacturers removed from the concerted activity because of a lack of proof of proximate cause. A rule diminishing the importance of proximate cause in that way would open "concerted activity" asbestos manufacturers to suit by the universe of plaintiffs harmed by any asbestos-containing product.

Plaintiff argues the purpose of concert of action is to insure a remedy for plaintiffs unable to identify the source of the injury-causing product. I disagree. The theory developed as a means of deterring, and remedying, hazardous group activity. *Comment, DES and a Proposed Theory of Enterprise Liability*, 46 Fordham L.Rev. 963, 979 n. 71 and accompanying text (1978). The concert of action theory has

been approved in cases involving identification difficulties. But, in all of those cases, plaintiffs sued either (1) all possible wrong-doers, *e.g., Abel v. Eli Lilly & Co.*, 418 Mich. 311, 334–335, 343 N.W.2d 164 (1984) (defendants were all the Michigan suppliers of the drug DES during the time that plaintiffs ingested DES); *Greene v. Union Optical*, 95 Mich.App. 167, 290 N.W.2d 111 (1980) (both possible manufacturers of the defective eyeglasses joined as defendants), or (2) the industry's major manufacturers, *e.g., Hall v. E.I. Du Pont De Nemours & Co., Inc.*, 345 F.Supp. 353 (E.D.N.Y.1972) (plaintiffs prevailed by suing the dominant American manufacturers of firecrackers even though they did not join several Canadian concerns); *cf. Cousineau v. Ford Motor Co.*, 140 Mich.App. 19, 363 N.W.2d 721 (1985) (plaintiff entitled to proceed with case-in-chief although only the major wheel manufacturers were sued).[1]

The Michigan Court of Appeals in *Greene, supra,* stated that; "In certain situations, a plaintiff's burden of proof may be shifted to the defendants where more than one defendant has been negligent and the plaintiff is unable to prove which of the two defendants proximately caused his injury." *Id.,* 95 Mich.App. at 171, 290 N.W.2d 111. There, it was certain that one of the two named defendants manufactured the injury-causing product. The court in *Hall, supra,* shifted the burden of proof to defendants even though it was not certain that any of the named defendants manufactured the injury-causing product:

> The possibility—admitted by plaintiffs—that [the injury-causing products] may have come from other, unnamed sources, does not affect plaintiffs' burden of proof. Plaintiffs must show by a preponderance of the evidence—*i.e.,* that it is more probable than not—that the [products] involved in the accidents were the products of the named defendant-manufacturers.

*Hall,* 345 F.Supp. 353 at 379.

The *Abel-Greene* reasoning is inapposite because it is not at all certain here that one of the named defendants supplied or made the injury-causing product. Plaintiff has not joined all eight possible manufacturers identified on the Navy's QPL. Consequently, even if plaintiff proved defendants acted in concert to withhold information about the risks of asbestos, it would still be possible that one of those not involved in the concerted action actually supplied the asbestos. *Hall* is distinguishable because plaintiffs there proceeded on an enterprise liability theory, or at least an altered concert of action theory, under which the burden of proof shifts. The court expressly conditioned abdication of the identity requirement on the necessity of burden-shifting.[2] Under concert of action liability the burden of proof never shifts. It follows that plaintiff cannot show proximate cause without identifying the defendant(s) who manufactured the injury-causing asbestos.

A second ground for distinguishing *Hall* is that defendants here are by no means the major asbestos manufacturers. When an industry's major manufacturers collude to suppress information about product risks, they can properly be held liable for all product-associated injuries since they created the risks and they control the industry. That theory is not applicable where, as here, only four of a multitude of larger concerns in the industry are named as defendants.

I hold fast to my view that plaintiff must prove the proximate cause of her husband's death was within the alleged concerted action.

Notwithstanding my opinion on the issue, the legal requirements of a concert of ac-

---

1. *Cousineau* involves a question similar to the one presented here. In *Cousineau,* the Michigan Court of Appeals reversed the circuit court's summary judgment against plaintiffs, implying that plaintiffs need not identify the particular producer of the harm-causing product. But, the court remanded for a finding of proximate cause without defining the standard for proximate cause. The cause is set to be tried in June, 1987.

2. "Plaintiffs do not have to identify which one of the defendant-manufacturers made each injury-causing [product]. To impose such a requirement would obviate the entire rule of shifting the burden of proving causation to the defendants. It must be more probable than not that an injury was caused by a [product] made by some one of the named defendant manufacturers, though which one is unknown." *Hall,* 345 F.Supp. 353 at 379.

tion theory of liability are an open question under Michigan law. The state's highest court, therefore, is the appropriate entity to resolve the issue.

## CERTIFIED QUESTION OF LAW TO THE MICHIGAN SUPREME COURT

Having stayed the proceedings in the above-titled matter, this Court hereby certifies the following question of law for consideration by the Michigan Supreme Court:

In a products liability cause of action, in which plaintiff's decedent was occupationally exposed to asbestos, but cannot identify any of the actual manufacturers or suppliers of the materials, and where plaintiff nevertheless seeks to prevail against defendants on a concert of action theory, *i.e.,* alleging she can establish the defendants acted tortiously pursuant to a common design, is it an essential element to plaintiff's proofs that she establish that at least one of the defendants that is shown to have acted tortiously had actually supplied asbestos products to the decedent's workplace during his tenure there as an employee?

The Court has attached an Opinion which sets forth a factual statement and explicates the legal issue involved.

## ORDER OF CERTIFICATION OF ISSUE TO THE MICHIGAN SUPREME COURT

WHEREAS this Court has certified an unsettled issue of state law to the Michigan Supreme Court, pursuant to Michigan Court Rule 7.305(B); and

WHEREAS the issue certified will likely control the outcome of the case; and

WHEREAS the certification will not cause undue delay or prejudice to the parties;

NOW, THEREFORE, IT IS ORDERED that all proceedings in the above-entitled case shall be stayed until further order of this Court.