Richard Michael FARMER, Individually, and as Administrator of the Estates of Sarah Mae Farmer, Michael Richard Farmer, Shaunda Lynn Farmer, Steven Ray Farmer, and Famie Marie Farmer, Deceased, and Ronnie Dean, Sr., Individually, and as Administrator of the Estates of Ronnie Dean, Jr. and Anna Lee Dean, Deceased, Appellants,

v.

CITY OF NEWPORT, Alum–A–Craft, Bassett Bedding, Dixie Bedding Company, Questor Juvenile Furniture, Serta Northeast Serta–Mattress Company, Cumberland Bedding a/k/a Sharp Bedding Company, McMillan Bedding Company, Harry Goldman Foam Products Company, Superior Mattress, Steel City Bedding and Mattress Company, Inc., Hygienic Mattress Company, and Oklahoma Mattress and Furniture, Appellees.

No. 86–CA–385–MR.

Court of Appeals of Kentucky.

April 8, 1988.

Garry L. Emondson, Covington, for Richard Michael Farmer.

Robert P. Gettys, Covington, for Ronnie Dean, Sr.

James Parsons and Daniel R. Braun, Newport, for City of Newport.

Richard A. Jarvis, Latonia, for Alum–A–Craft.

Kurt A. Philipps, Covington, for Bassett Bedding.

Mark G. Arnzen, Covington, for Dixie Bedding Co.

William T. Robinson, Covington, for Questor Juvenile Furniture.

A.J. Jolly, Newport, for Serta Northeast and Serta–Mattress Co.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

Farmer and Dean appeal from an order of the Campbell Circuit Court issued pursuant to CR 12 dismissing their claims against approximately 100 mattress manufacturers to the extent that the claims were based on a theory of "enterprise liability" or "concert of action." The court held that these theories did not state a cause of action in Kentucky, but it retained jurisdiction over all claims against any manufacturers who made the products which caused the injuries and deaths. We agree with the order of the trial court as it relates to the claim based on enterprise liability, but we reverse as to the cause of action based on concert of action.

The facts giving rise to this suit are not substantially in dispute. Mr. and Mrs. Farmer and their four children rented a second-floor apartment from Luther and Geneva Combs. Mr. and Mrs. Dean and their one child rented an apartment in the same building on the third floor. On February 28, 1984, a fire broke out in the Farmers' bedroom, apparently as a result of Mrs. Farmer smoking in bed. The fire quickly consumed the two apartments, killing Mrs. Farmer and her four children and Mrs. Dean and her child. There were three mattresses in the Farmers' bedroom, one of which was manufactured by Serta Mattress Company. The manufacturer of the other two mattresses could not be identified.

Mr. Farmer and Mr. Dean were not home at the time of the fire. They subsequently brought suit individually and as administra-

tors of the estates of their deceased family members. Farmer and Dean named as defendants the City of Newport, the Newport Housing Authority, two building inspectors for the City of Newport, the manufacturer of a fire escape, and approximately 100 manufacturers of mattresses and bedding. They alleged in their complaint that the manufacturers were negligent in marketing mattresses which were unreasonably dangerous and that they acted in concert with each other through the National Association of Bedding Manufacturers (the Better Sleep Council Committee) to purposely withhold from public consumers information regarding the dangerous nature of mattresses.

Approximately one-half of the manufacturers were dismissed for lack of personal jurisdiction. Other manufacturers have been dismissed pursuant to a joint motion to dismiss on the grounds that a settlement had been reached.

Despite the fact that Farmer and Dean could identify the specific manufacturer of the principal mattress, they chose to proceed against all of the manufacturers collectively. They maintain that the combustible properties found in the materials of all three mattresses caused the fire to spread rapidly and uncontrollably.

Farmer and Dean urge that they should recover under the theories of concert of action and enterprise liability. They seek to apply the doctrine of concert of action to the facts of this case in an effort to hold all of the named manufacturers liable for the deaths resulting from the fire. The doctrine of concert of action is explained in the *Restatement (Second) of Torts*, Section 876 (1979), as follows:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and

his own conduct separately considered, constitutes a breach of duty to the third person.

Thus far, this doctrine has been applied in Kentucky for providing a civil cause of action for damages resulting from a criminal conspiracy. *McIntosh v. Taulbee*, Ky., 279 S.W.2d 8 (1955): *Davenport's Adm'x v. Crummies Creek Coal Co.*, Ky., 184 S.W. 2d 887 (1945). Other jurisdictions have recognized the tort of concert of action when applied to product liability litigation. This theory of recovery renders all defendant/manufacturers jointly and severally liable when, and if, the plaintiff can prove that the manufacturers acted tortiously, pursuant to a common design, or in the alternative, that they rendered substantial assistance to others to accomplish a tortious act. *Cousineau v. Ford Motor Co.*, 140 Mich.App. 19, 363 N.W.2d 721 (1985); *Cummins v. Firestone Tire and Rubber Co.*, 344 Pa.Super. 9, 495 A.2d 963 (1985).

Farmer and Dean may have difficulty proving this theory, but we hold that they stated a cause of action based on concert of action in paragraph 42 of their complaint. Hence, we reverse the trial court's order insofar as it dismissed the complaint for failure to state a claim upon which relief can be granted, regarding the legal theory of concert of action.

On remand, Farmer and Dean may present evidence to prove that the named manufacturers, acting jointly, breached a duty to the appellants, or that the manufacturers, acting jointly, manufactured and/or marketed an unreasonably dangerous product.

Joint activity can be proved by showing that an agreement existed between the manufacturers. *Cousineau, supra; Collins v. Eli Lilly Co.*, 116 Wis.2d 166, 342 N.W.2d 37 (1984). Since the nature of the concert of action theory is one of joint control and risk, the plaintiff need not identify the specific defendant who caused the injury. *Cousineau, supra; Abel v. Eli Lilly Co.*, 418 Mich. 311, 343 N.W.2d 164 (1984). The fact that Farmer and Dean can identify one manufacturer of the burned mattresses does not by itself

defeat their claim under this theory. For further discussion of the concert of action theory as applied in product liability litigation, *see*, Louis R. Frumer and Melvin I. Friedman, *Products Liability*, Volume 1, section 2A.02 (1968), and *American Law of Product Liability 3d*, Volume 1, section 9:5,6 (1987).

■ Farmer and Dean next assert that their complaint properly states a cause of action on the theory of enterprise liability. We disagree. Generally, the theory of enterprise liability seeks to place the costs arising from the risks associated with a particular activity or enterprise on the activity or enterprise which created them. Frumer and Friedman, *supra*, section 2A.01. Although the theory has been accepted by some courts, it has for the most part been rejected as a basis for recovery. *Zafft v. Eli Lilly Co.*, 676 S.W.2d 241 (Mo. 1984); *Sindell v. Abbott Laboratories*, 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 (1980); *Davis v. Yearwood*, 612 S.W.2d 917 (Tenn.App.1980). *See also* Frumer and Friedman, *supra*, section 2A.01; *American Law of Products Liability 3d*, *supra*, section 9:7.

The concept of enterprise or industry-wide liability was introduced in *Hall v. E.I. DuPont De Nemours & Co., Inc.*, 345 F.Supp. 353 (E.D.N.Y.1972). In that case, the court found six blasting cap manufacturers, comprising virtually the entire blasting cap industry in the United States, and their trade association jointly liable to thirteen injured children where the identity of the manufacturer of the blasting cap actually causing the injuries was unknown. The court focused on the joint conduct of the manufacturers, finding that they delegated substantial safety investigation and design functions to the trade association and that they were jointly aware of the risks involved in failing to take safety precautions such as placing a warning on individual blasting caps.

The record in this case reveals that the trade association, the Better Sleep Council Committee, does not assume a duty to warn consumers of product safety, they merely oversee the dissemination of information to the media and public concerning the role of quality bedding in relation to good health and sleep. Only about one-third of the nation's mattress manufacturers belong to the committee. In addition, *Hall, supra,* specifically limited the application of enterprise liability to "industries composed of a small number of units," noting that "[w]hat would be fair and feasible with regard to an industry of five or ten producers might be manifestly unreasonable if applied to a decentralized industry composed of thousands of small producers." *Id.* at 378. Most importantly, the *Hall* case applied enterprise liability where no specific manufacturer of the product causing the injury was known. In the instant case, the attorney for Farmer testified by affidavit that the manufacturer of the principal mattress in question was Serta. Thus, we fail to see any application for the enterprise liability theory in this case. The trial court correctly determined that no cause of action was stated based on enterprise liability.

We are further inclined to comment that the trial court's order lacks clarity pertaining to which defendants it intended to dismiss as a result of its ruling. In addition, we would be concerned that the issue of res judicata might be raised by any defendant dismissed under these theories should they later be implicated as a specifically identified manufacturer of a mattress causing this injury.

In light of our decision sustaining the concert of action claim, these points are essentially moot. However, in the event further orders are issued, it will be necessary for the trial court to state with specificity which defendants are being dismissed.

The order of the Campbell Circuit Court is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion.

All concur.