225 So.2d 340 (1969)
ATLANTIC COAST LINE RAILROAD COMPANY, a Foreign Corporation, Appellant,
v.
Johnnie M. TURPAK, a Widow, Appellee.
ATLANTIC COAST LINE RAILROAD COMPANY, a Foreign Corporation, Appellant,
v.
Johnnie M. TURPAK, As Executrix of the Estate of Harold M. Turpak, Deceased, Appellee.
Nos. 68-179, 68-180.
District Court of Appeal of Florida. Second District.
July 3, 1969.
Rehearing Denied August 18, 1969.
*341 Giles, Hedrick & Robinson and Edward K. Goethe, Orlando, for appellant.
Frates, Fay, Floyd & Pearson, Miami, and Davis, McLin, Burnsed & Austin, Leesburg, for appellee.
PIERCE, Judge.
Appellant Atlantic Coast Line Railroad Company, defendant below, brings these appeals from final judgments rendered in favor of Johnnie M. Turpak, suing in one suit as widow and in the other as Executrix of her deceased husband's estate.
On March 8, 1965, Harold M. Turpak, plaintiff's husband, was driving his pickup truck easterly on West South Street in Leesburg. He applied the brakes and brought his truck to stop on ACL's main track which crosses South Street at a grade. The truck was struck by an ACL train and Mr. Turpak received multiple injuries from which he died four days later.
Thereafter, his widow, Johnnie M. Turpak, instituted two suits. One action was filed by her as widow under the Wrongful Death Statute, F.S. §§ 768.01, 768.02 F.S.A. The other was filed by her as Executrix of her husband's estate under the Survival Statute, F.S. § 45.11 F.S.A. The cases were tried together before a jury and have been consolidated on appeal.
At the trial, over ACL's objection, the trial court gave Mrs. Turpak's requested instruction to the effect that 
"Upon Johnnie M. Turpak's claim as Executrix of the Estate of Harold M. Turpak, deceased, you may take into consideration * * * any amount the decedent would have accumulated, had he lived out his normal life, from future earnings and other income and acquisitions."
This is not the law. There can be no recovery by the personal representative under the Survival Statute, F.S. § 45.11 F.S.A., for prospective earnings and savings which the decedent would reasonably have accumulated had he lived. Ellis v. Brown, Fla. 1955, 77 So.2d 845. The charge was erroneous, misleading and could only have confused the jury to the prejudice of the defendant ACL.
At the conclusion of the trial the jury returned verdicts for Mrs. Turpak as Executrix in the amount of $197,425.00, and as widow in the amount of $13,333.34. The Court polled the jury and each juror affirmed that the verdict in each case was his verdict.
The day after the verdicts were returned and the jury had been discharged, Mrs. *342 Turpak served and filed a notice of intent to interview the jurors. The trial Judge consented to this procedure, but limited the interview to the jury foreman. ACL filed motions for judgment n.o.v. or for new trial in each case. Mrs. Turpak filed motions to conform the judgments to "true verdicts" of the jury, moving the Court to enter judgments in the widow's case in the amount of $210,758.34, the combined amounts of the judgments, and in the Executrix's case in the amount of $4,102.00 or for zero dollars. Her motions were supported only by an affidavit of one of Mrs. Turpak's counsel. She also filed an alternative motion for new trial as to damages only in the Executrix's action and an alternative motion for new trial as to damages only in the widow's action.
In the sworn motion aforesaid it was set forth that the jury foreman "indicated * * * that the true intent of the jury" was:
"(a) To enter the total of both verdicts for the support of the wife and children.
"(b) To so apportion the amount and enter therein as aforesaid because of the jury's (erroneous) belief that it should enter `past damages' in the widow's action and `future damages' in the Executrix's action. Further, the jury (erroneously) believed that the stipulated amount in Case No. 7448 (for medical and general expenses and property damage, to-wit: $4,102.00) did not  because they were stipulated to  need to be set forth in the jury verdict, and did not in fact include said stipulated amount in either of said verdicts."
At the conclusion of a hearing on these motions, the trial Judge announced his ruling. Counsel for Mrs. Turpak drafted a proposed order and counsel for ACL filed its objections thereto. After a further hearing the trial Court on April 4, 1968, entered its order finding as a fact, based upon the sworn motion and "upon its own observation of the presentation of the case to the jury and of the closing argument * * that the true intent of the jury * * * was quite clear to award the total sum of both verdict forms to Mrs. Turpak as a widow"; and found further that "the form of the jury's verdict was clearly and obviously rendered by mere inadvertence or clerical mistake".
The Court thereupon denied ACL's motion for judgment n.o.v. and for new trial; granted Mrs. Turpak's motion to conform the judgments and directed that the verdicts be deemed conformed so as to show a verdict in favor of Mrs. Turpak in the Executrix's case in the amount of zero dollars and in the widow's case in the amount of $210,758.34; and found that Mrs. Turpak's motion for new trial as to damages only in each case was obviated by entry of the conformed verdicts. The Court entered a subsequent order on April 8, 1968 overruling ACL's objections to the proposed order on post trial motions submitted by Mrs. Turpak. On April 9, 1968, the Court below entered its judgment in each case upon the verdicts "per Henry N. Collar as foreman." In the widow's case the amount of the judgment was $210,758.34 plus $2,545.76 costs, and in the Executrix's case the judgment was in the amount of zero dollars. These appeals ensued.
ACL contends that the lower Court erred in rendering its final judgment in favor of Mrs. Turpak in the Wrongful Death action for $210,758.34, the combined amount of the two original verdicts, and $2,545.76 costs, when the verdict actually returned by the jury therein was for $13,333.44. Mrs. Turpak contends that the jury made an inadvertent clerical error in composing and returning its verdict to the Court, and that where there is no dispute concerning the jury's true intent such mistake can and should be corrected to conform with the true verdict.
Mrs. Turpak cites numerous cases in support of her proposition, including Freid v. McGrath, 1943, 77 U.S.App.D.C. 385, 135 F.2d 833; Smith v. Philadelphia Transp. Co., 3rd Cir.1949, 173 F.2d 721; Woodworkers *343 Tool Works v. Byrne, 9th Cir.1951, 191 F.2d 667; Maize v. Atlantic Ref. Co., 1945, 352 Pa. 51, 41 A.2d 850, 160 A.L.R. 449; and Standard Oil Co. v. Gonser, 1951, 331 Mich. 29, 49 N.W.2d 45. These cases hold that the Court has power to correct a verdict where the jury has incorrectly apportioned damages, erroneously transposed the amounts in consolidated actions, or has made other clerical errors in rendering the verdict or verdicts.
The affidavit of Mrs. Turpak's counsel reflects that the jury foreman indicated to him that the true intent of the jury was "to enter the total of both verdicts for the support of the wife and children" and that this was so apportioned because of the jury's erroneous belief that it should enter "past damages" in the widow's action and "future damages" in the Executrix's action; and that the amount of $4,102.00 for medical and general expenses and property damage was not included in either verdict because of the jury's erroneous belief that this amount had been "stipulated upon" by the parties and therefore did not need to be set forth in the jury verdict.
This, then, was not a mere clerical error, but a misconception of the jury or an error in arriving at its verdict. There is an irresistible conclusion that the jury was confused, and also that the verdicts as conformed do not reflect the true intent of the jury, despite the belief of the foreman that it did. Some of the elements of damage which should have been considered in the Executrix's case were completely omitted from the original verdict as well as the conformed verdict. There is no indication as to what portion of the "past damages" were awarded for conscious pain and suffering of the decedent as a result of the injuries. The trial Judge did not correct the verdicts by merely transposing the amounts in the two actions, or reapportioning the damages, but entered a judgment for the widow in the Wrongful Death case in the amount of the combined total of the original verdicts and awarded her zero dollars in the Survival action.
We think that justice would best be served by returning the causes to the lower Court for reconsideration by another jury of the question of damages only. In view of this conclusion, it is not necessary to determine whether the Court should have further considered the sworn motion of Mrs. Turpak based upon the purported statement of the jury foreman, or whether the statement related to matters which inhered in the verdict.
ACL contends that plaintiff's decedent was contributorily negligent as a matter of law and therefore the judgments should be reversed and directed judgments entered in favor of the defendant. To delineate the testimony of the numerous witnesses can serve no useful purpose. Suffice to say that there was substantial evidence to warrant the submission of the question of contributory negligence to the jury. It has long been held that contributory negligence is normally a question for the jury and only when there is no basis upon which the plaintiff should be permitted to recover by virtue of his own negligence is a court justified in taking a cause from the jury on a plea of contributory negligence. Sinclair Refining Co. v. Butler, Fla.App. 1965, 172 So.2d 499; Food Fair Stores of Florida, Inc. v. Moroni, Fla.App. 1958, 113 So.2d 275; Fendrick v. Faegers, Fla.App. 1960, 117 So.2d 858; Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla.App. 1961, 135 So.2d 6.
Reversed and remanded for a new trial on the question of damages only.
HOBSON, C.J., and McNULTY, J., concur.