MAHRLE v DANKE

Docket No. 174472. Submitted December 19, 1995, at Grand Rapids. Decided April 19, 1996, at 9:05 A.M.

Terry Mahrle brought an action in the Calhoun Circuit Court against George Danke and Connie Danke, raising claims of breach of contract and specific performance with respect to Connie Danke and tortious interference with contract and claim and delivery with respect to George Danke. At issue was the ownership of items of personal property contained in a barn following the Dankes' divorce. Under the Dankes' divorce judgment, the barn had been awarded to George Danke on the condition that he discharge a lien against property awarded to Connie Danke. When George Danke failed to discharge the lien, the court that granted the divorce awarded the barn to Connie Danke and ordered George Danke to remove the contents of the barn within a certain period or forfeit his rights to them in favor of Connie Danke. George Danke failed to remove the items as ordered and Connie Danke entered into a contract with the plaintiff for the sale of the disputed items to the plaintiff. George Danke took the disputed items before the sale could be completed. Mediation resulted in an evaluation in favor of the plaintiff and against George Danke, which the plaintiff accepted but George Danke rejected. Following a bench trial, the court, Allen L. Garbrecht, J., entered a judgment for the plaintiff and against George Danke. The court also awarded attorney fees to the plaintiff as a mediation sanction against George Danke. George Danke appealed.

The Court of Appeals held:

1. The plaintiff did not violate MCR 2.403 in disclosing the mediation evaluation to the trial court after the trial court rendered, but before it entered, its judgment. MCR 2.403(N)(2) provides that in a nonjury action "the parties may not reveal the amount of the evaluation until the judge has rendered judgment." The terms "rendered judgment" and "entered judgment" are not synonymous.

2. George Danke suffered no prejudice as a result of the plaintiff's seeking mediation sanctions before the judgment was entered. MCR 2.403(O)(8) provides that mediation sanctions must be sought within twenty-eight days after entry of judgment but does not pre-

clude a party from filing a motion for sanctions after a judgment has been rendered but before entry of judgment.

3. The trial court did not err in denying George Danke's motion for a directed verdict. Considering the evidence in the light most favorable to the plaintiff, as the nonmoving party, and making all reasonable inferences in the plaintiff's favor, a reasonable factfinder could have, and did, conclude that George Danke, without justification, instigated the breach of the contract between Connie Danke and the plaintiff.

4. The trial court did not abuse its discretion in denying George Danke's motion for a new trial. The trial court's conclusion that there had been no agreement between the Dankes for George's rental of the barn after Connie became its owner was not against the great weight of the evidence.

Affirmed.

1. PRETRIAL PROCEDURE — MEDIATION — DISCLOSURE OF MEDIATION AMOUNT.

Parties to a nonjury action may not reveal to the trial court the amount of a mediation evaluation before the court has rendered its judgment; a court renders its judgment when it pronounces, states, declares, or announces the judgment, not when it enters, dockets, or records the judgment (MCR 2.403[N][2]).

2. PRETRIAL PROCEDURE — MEDIATION — SANCTIONS.

A motion for mediation sanctions may be brought after the judgment is rendered but no later than twenty-eight days after the judgment is entered (MCR 2.403[O][8]).

*David M. Stupak*, for Terry Mahrle.

*James L. Juhnke*, for George Danke.

Before: HOOD, P.J., and YOUNG and T. L. BROWN,* JJ.

YOUNG, J. Defendant George Danke appeals as of right from the judgment awarded against him and for plaintiff in the amount of $54,864.46. We affirm.

I

This appeal arises from a dispute over personal property that was awarded in the divorce judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

involving defendant and his former wife, Connie Danke.[1] According to the property settlement, Mrs. Danke was to receive the family's home and pizza business, and defendant was to receive the family's motorcycle business and a pole barn located on the family homestead. However, the settlement provided that, if defendant could not get the bank to release its liens against the pizza business in sixty days, Mrs. Danke would receive the pole barn as well. The settlement further provided that any personal property defendant had at the family home in and around the pole barn would be forfeited if not removed within ninety days of the divorce.

Defendant was unable to obtain the release of the liens within the time provided and he lost his right to the pole barn. On October 3, 1990, the circuit court ordered defendant to remove his personal property from the family homestead within sixty days or forfeit them to Mrs. Danke.

Defendant did not remove his property within the time required by the order. Because of defendant's inability to remove the encumbrances on Mrs. Danke's pizza business, and because bank foreclosure proceedings had been initiated, Mrs. Danke's attorney advised that she sell the contents of the barn to raise the necessary capital to protect her business. Ultimately, Mrs. Danke entered into an agreement with plaintiff to sell the contents for $21,000. The property consisted of numerous cars, motorcycles, boats, and similar items.

---

[1] Although Connie Danke is listed as a defendant, her involvement is not material to this appeal. We will refer to Mr. Danke singularly as "defendant" in this opinion.

When defendant learned of the pending sale, he instituted suit against plaintiff and Mrs. Danke to enjoin the sale. Defendant claimed that he and his former wife agreed that he could lease the pole barn and another barn and store his property in them without forfeiting his ownership rights. Mrs. Danke disputed that allegation. During the evidentiary hearing, defendant testified that his property was worth approximately $100,000. The court enjoined Mrs. Danke from selling the contents. Without the court's knowledge, defendant removed the property and hid it.

Defendant eventually lost his lawsuit. Plaintiff then initiated this action, seeking specific performance of the sales agreement with Mrs. Danke and alleging that Mr. Danke tortiously interfered with plaintiff's contract for the purchase of the property.

During the proceedings in plaintiff's lawsuit, defendant filed affidavits denying ownership of certain of the property, thus contradicting his testimony in the prior lawsuit he initiated against plaintiff and Mrs. Danke. The case was eventually mediated for $50,000 in favor of plaintiff and against defendant, which mediation defendant rejected and plaintiff accepted.

At trial, Mrs. Danke consented to a judgment for specific performance. The trial court accepted the judgment, contingent on a finding that Mrs. Danke had acquired ownership of the property. Mrs. Danke testified that she never entered into a written rental agreement with defendant to allow him to store his property in the barn. She also contradicted defendant's testimony that the property actually belonged to his sons; Mrs. Danke testified that the property had

always been owned by defendant until it was forfeited to her by defendant's failure to remove it in accordance with the divorce judgment. The trial court received testimony that the value of the property ranged from almost $100,000 to roughly $150,000.

The trial court found that (a) it was highly unlikely that defendant entered into an oral rental contract when, by defendant's estimation, some $100,000 of his personal property was at risk of forfeiture to his former wife, (b) Mrs. Danke had a valid sales agreement with plaintiff, and (c) Mrs. Danke was prevented from performing her agreement with plaintiff by defendant's intentional acts to seize the property without legal right, thereby tortiously interfering with the sales agreement. Because defendant had dispersed the property, the trial court found that specific performance was not possible and awarded plaintiff a judgment of $52,250, plus costs and interest.

Thereafter, but before a final judgment was entered, plaintiff moved for mediation sanctions and disclosed the mediation evaluation to the trial court. Defendant objected to the disclosure of the mediation and challenged the motion on the ground that the court's award did not improve plaintiff's mediation evaluation position by ten percent. The trial court awarded approximately $8,500 in attorney fees to plaintiff. Defendant next moved unsuccessfully for a new trial.

On appeal, defendant challenges the calculation and award of mediation sanctions and the trial court's failure to grant his motions for a directed verdict and a new trial.

II

Defendant first argues that plaintiff should not have disclosed the mediation award to the court before a written judgment was entered. MCR 2.403(N)(2) provides that, in a nonjury action, "the parties may not reveal the amount of the evaluation until the judge has rendered judgment." Defendant contends that the term "rendered judgment" in the court rule is synonymous with "entered judgment." We disagree.

When this Court must construe a court rule, the principles of statutory construction apply. *St George Greek Orthodox Church v Laupmanis Associates, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994). The mission of a court engaged in statutory construction is to interpret and apply the statute in accordance with the intent of the drafter, which, in the first instance, must be determined from the plain meaning of the language used. *Id.* In the face of unambiguous statutory language, the court has no further role in construing the court rule and may not, in the guise of a search for intent, engage in judicial construction. *Id.*

Applying these principles to the court rule in question, we find that "render judgment" has a plain meaning: "render" is not synonymous with "enter" as defendant claims. Any doubt regarding the question is obviated by the definition of "render judgment" provided in Black's Law Dictionary (5th ed), p 1165:

> To pronounce, state, declare, or announce the judgment of the court in a given case or on a given state of facts; not used with reference to judgments by confession, and not synonymous with "entering," docketing," or "recording" the judgment.

By contrast, Black's defines "entering judgment" as a ministerial act to provide evidence of the judicial act in rendering a judgment. *Id.* at 476.

Therefore, in accordance with the plain meaning of the language of the court rule, we find that there was no violation of MCR 2.403 when plaintiff disclosed the mediation evaluation after the trial court made its ruling on the case, but before a judgment had been entered.

Defendant also asserts that he was prejudiced because the motion for sanctions was brought before he had an opportunity to seek postjudgment relief. He relies upon MCR 2.403(O)(8) (mediation costs must be sought within twenty-eight days after entry of judgment) in support of his argument. MCR 2.403(O)(8) does not, on its terms, preclude a party from filing a motion for sanctions *before* entry of judgment. The provision was added to address stale motions for costs, not to provide a starting point from which motions could be filed. See *Fairway Enterprises, Inc v Na-Churs Plant Food Co*, 163 Mich App 497, 499; 415 NW2d 257 (1987). While we certainly do not endorse disclosure of a mediation award while the factfinder is still deciding the case, we find no error requiring reversal under these facts, where the judgment has already been rendered.

Defendant also argued that the court's award did not improve plaintiff's mediation evaluation position by ten percent. That issue was withdrawn at oral argument. We appreciate counsel's candor in conceding the issue.

III

Defendant next asserts that plaintiff failed to plead and prove that defendant tortiously interfered with the sales contract in question. As a result, defendant argues, the trial court erred in denying defendant's motion for a directed verdict. The court must consider the evidence in the light most favorable to the nonmoving party, making all reasonable inferences in the nonmoving party's favor. *Locke v Pachtman*, 446 Mich 216, 223; 521 NW2d 786 (1994), citing *Beals v Walker*, 416 Mich 469, 480; 331 NW2d 700 (1982).

The elements of tortious interference are (1) a contract, (2) a breach, and (3) an unjustified instigation of the breach by the defendant. *Jim-Bob, Inc v Mehling*, 178 Mich App 71, 95-96; 443 NW2d 451 (1989). Defendant challenges only the third element of the tort—that he acted in an unjustified fashion in initiating the breach. Defendant contends that he acted under color of title to the property when he removed it. Insofar as defendant claimed to have executed a rental agreement with his wife and removed the property in the belief that the injunction empowered him to do so, there is evidence to support defendant's position. However, there is also evidence, or reasonable inferences that could be drawn from that evidence, that (1) defendant's failure to comply with the judgment to remove his property called into question the validity of his alleged rental agreement, (2) defendant knew of the plaintiff's sales agreement that was made after defendant's default and potential abandonment under the express terms of the court's order, (3) defendant obtained an injunction with no intent to allow the court to resolve which party

legally owned the property,[2] and (4) defendant disposed of the property in such a manner to frustrate an orderly inventory, valuation, or surrender.

In sum, a reasonable factfinder could conclude on this record that defendant instigated the breach without justification. Where there are two plausible conclusions that may be drawn from the evidence, this Court will not supplant its conclusion for that of a factfinder. *Beals, supra* at 481. We find no error in the trial court's decision to deny defendant's motion for a directed verdict.

IV

Finally, defendant challenges the trial court's failure to grant a new trial. We review the trial court's ruling under an "abuse of discretion" standard. *Bosak v Hutchinson*, 422 Mich 712, 737; 375 NW2d 333 (1985).

Defendant's primary argument concerns the court's treatment of the alleged rental agreement. Defendant claims he and his wife reached such an agreement; Mrs. Danke denied this. In support of his position, defendant introduced a check in the amount of $300 made payable to his former wife bearing the following notation on both sides: "Rent for Barns Dec. 6/90—Jan 6/91." Defendant also introduced an unsigned and undated letter that defendant contended was drafted by his wife indicating that defendant owed her $300 rent for the barn. In contrast, Mrs. Danke testified that she never agreed to rental of her barns to defendant and that the check was for payment of the boarding fees for their daughter's horses.

---

[2] Defendant removed the property after he had received assurances that plaintiff would not attempt to remove the property (and when plaintiff was, in fact, enjoined from doing so).

The amount of the check was consistent with the monthly boarding rate.

Consequently, the trial court was presented with conflicting evidence concerning the question of the barn rental agreement. The trial court was in the best position to judge the credibility of the witnesses. On this record, we cannot say that the court's conclusion was against the great weight of the evidence. *Means v Jowa Security Services*, 176 Mich App 466, 475; 440 NW2d 23 (1989).

Defendant challenges the trial court's resolution of other factual disputes. We have reviewed the record and find no error. The court was again called upon to judge the credibility of the various witnesses. The court did not abuse its discretion by denying defendant's motion for a new trial.

Affirmed.