PUT v FKI INDUSTRIES, INC

Docket Nos. 183825, 184149. Submitted December 4, 1996, at Detroit. Decided April 4, 1997, at 9:05 A.M. Leave to appeal sought.

Gregory Put brought a products liability action in the Wayne Circuit Court against FKI Industries, Inc., and Detroit Wire & Rope Splicing Corporation. The jury returned a verdict that found no cause of action against Detroit Wire and that FKI was negligent and its negligence was a proximate cause of the plaintiff's injuries. The jury determined the amount of damages and that the plaintiff and FKI were equally responsible for the damages. The court, Richard P. Hathaway, J., entered a judgment consistent with the verdict and, as mediation sanctions, awarded the plaintiff costs and attorney fees. FKI appealed with regard to the judgment, alleging several errors. (Docket No. 183825). FKI also appealed from the part of the order awarding costs as mediation sanctions. (Docket No. 184149). The appeals were consolidated.

The Court of Appeals *held*:

1. The trial court did not err in allowing the jury to resume deliberations where, after the jury had announced its verdict, a poll of the jurors indicated that the jury might be confused and the jury had not been discharged.

2. The trial court's jury instruction regarding proximate cause was applicable and accurately stated the law.

3. The trial court did not abuse its discretion in denying FKI's motion for discovery sanctions.

4. The portion of the trial court's order awarding the plaintiff costs as mediation sanctions must be vacated and the matter must be remanded for a determination of which of the plaintiff's submitted costs are authorized by statute.

5. The plaintiff is entitled to costs in Docket No. 183825. FKI is entitled to costs in Docket No. 184149.

Docket No. 183825 affirmed; Docket No. 184149 vacated in part and remanded.

1. JURY — JURORS — IMPEACHMENT OF VERDICTS.

The members of a jury may not challenge mistakes or misconduct inherent in the verdict once the jury has been polled and dis-

charged; after the jury has been polled and discharged, testimony and affidavits by the jury members may only be used to challenge the verdict with regard to extraneous matters, like undue influence, or to correct clerical errors in the verdict in matters of form; errors due to the jury's misunderstanding of the instructions, the verdict form, or faulty reasoning are inherent in the verdict and not susceptible to postdischarge challenge.

2. Jury — Predischarge Changes in Verdict.

A jury may change the form and substance of a verdict to coincide with its intention as long as the jury has not yet been discharged; the jury may be allowed to resume deliberations where, after the jury has announced its verdict, a poll of the jurors indicates that they might be confused and the jury has not been discharged (MCR 2.512[B]).

3. Costs — Mediation — Sanctions.

A party who rejects a mediation evaluation and fails to improve its position at trial is subject to sanctions; the sanction provision places the burden of litigation costs on the party who insists on trial by rejecting a proposed mediation award, the reasonableness of which is measured by the outcome of the trial; whether a party is entitled to mediation sanctions and the amount of actual costs are to be determined by the trial court within its discretion; where there is no statutory authority, actual costs are not recoverable; actual costs are those costs taxable in any civil action and a reasonable attorney fee as determined by the court for services necessitated by the rejection of the mediation award (MCR 2.403[O]).

*Goodman, Lister & Peters, P.C.* (by *Richard M. Goodman* and *Gregory S. Pierce*), for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Larry W. Davidson* and *Michelle L. Barrus*), for FKI Industries, Inc.

Before: MacKenzie, P.J., and Wahls and Markey, JJ.

Wahls, J. In Docket No. 183825, defendant FKI Industries, Inc., appeals as of right the judgment following a jury verdict in favor of plaintiff in this products liability action. We affirm. In Docket No. 184149, FKI appeals as of right the trial court's order award-

ing mediation sanctions. We vacate this award in part and remand for further proceedings.

Plaintiff was injured during the installation of a machine when the chain from which the machine was suspended broke. The machine landed on plaintiff's hand causing serious, permanent injuries. Plaintiff brought suit alleging that the chain, which was manufactured by FKI and sold by defendant Detroit Wire & Rope Splicing Corporation (DWRS), broke because it was defectively designed and manufactured.

Following an extensive trial, the jury retired for deliberations. When the jury indicated that it had reached a verdict, it was brought out. The jury answered affirmatively the question whether FKI was negligent as claimed by plaintiff. However, the jury answered "no" to the question whether FKI's negligence was a proximate cause of plaintiff's injuries. Plaintiff's attorney requested that the trial court poll the jury members. During the polling of the six jurors, five indicated their assent to the verdict and one indicated that she did not agree with the finding of negligence on the part of FKI. After the court had polled the sixth juror member, the following colloquy took place.

> *The Court:* All right. On behalf of our Chief Judge—Did you want to say something?
>
> *Juror Washington:* We answered yes to 1A, the majority. And so that meant we didn't answer part three when it comes to responsibility. You understand what I'm saying?
>
> *The Court:* Let me—finish your question.
>
> *Juror Washington:* Okay. It comes to responsibility. What a lot of us were questioning—
>
> *The Court:* (Interposing) You know, if you are not done, you better write out a question for me.

*Juror Washington*: That's what I asked. Could we ask you a question and they said we couldn't ask you any questions.

*The Court*: If you have any questions, you should write a question out on a sheet of paper and give it to me. You can do that. I tell you what I am going to do. You go back and if that's your verdict, I will accept it. Is that not your verdict?

*Juror Washington*: We want to go back.

*The Court*: Okay. Go back and write out your question and I will try to answer your question.

The jury returned to the jury room to continue deliberations. Later that same day, the jury returned a verdict that found that FKI was negligent and that its negligence was a proximate cause of plaintiff's injuries. The jury further found plaintiff's damages to be $1 million and that plaintiff and FKI were equally responsible for the damages. The trial court accepted the verdict and discharged the jurors. With respect to DWRS, the jury found no cause of action.

I

In Docket No. 183825, FKI argues that the trial court erred in permitting the jury to return for further deliberations after the jury had rendered its verdict and had been polled. We disagree. MCR 2.512(B) provides:

(1) The jury agreeing on a verdict must return to the court and announce the verdict.

(2) A party may require a poll to be taken by the court asking each juror if it is his or her verdict.

(3) If the number of jurors agreeing is less than required, the jury must be sent out for further deliberation; otherwise the verdict is complete, and the court shall discharge the jury.

It is clear that once a jury has been polled and discharged, its members may not challenge mistakes or misconduct inherent in the verdict. *Hoffman v Spartan Stores, Inc*, 197 Mich App 289, 293; 494 NW2d 811 (1992). After a jury has been polled and discharged, testimony and affidavits by the jury members may only be used to challenge the verdict with regard to extraneous matters, like undue influence, or to correct clerical errors in the verdict in matters of form. *Id.* Errors due to the jury's misunderstanding of the instructions, the verdict form, or faulty reasoning are inherent in the verdict and not susceptible to postdischarge challenge. *Id.*, pp 294-295. Because the jury here had not been discharged, *Hoffman* does not apply.

The proper interpretation of the court rule under the instant circumstances presents a case of first impression. When this Court must construe a court rule, the principles of statutory construction apply. *Mahrle v Danke*, 216 Mich App 343, 348; 549 NW2d 56 (1996). The mission of a court engaged in statutory construction is to interpret and apply the statute in accordance with the intent of the drafter. *Id.*

Here, the court rule does not state when the polling authorized by MCR 2.512(B)(2) is complete. However, this Court previously has held that a jury can change the form and substance of a verdict to coincide with its intention as long as the jury has not yet been discharged. *People v McNary*, 43 Mich App 134, 143; 203 NW2d 919 (1972). FKI's interpretation of the court rule, that polling is complete following the questioning of the last jury member, would thwart the purpose behind the court rule, which is to ensure that

the announced verdict is supported by the individual jury members.

Conversely, the purpose of the rule is furthered by allowing a jury to resume deliberations when the record indicates that the jury might be confused. Thus, in *Alston v Tye*, 67 Mich App 138; 240 NW2d 472 (1976), the jury announced its verdict and was polled and the jurors indicated their assent to the verdict. The jury was returned to the jury room without being discharged, and the court asked the parties if they were satisfied with the verdict. *Id.*, p 141. This Court held that the trial court acted properly in recalling the jury to clarify the verdict. *Id.*, p 143. Similarly, in *Standard Oil Co v Gonser*, 331 Mich 29, 32; 49 NW2d 45 (1951), the jury announced its verdict, and each member signed a written version of that verdict. In admittedly unusual circumstances, the Supreme Court held that the trial court acted properly when, before the jury was discharged, the jury was recalled and questioned about its verdict. *Id.*, pp 33-34.

In this case, because the jury had not yet been discharged, compare *Hoffman, supra*, p 293, the trial court acted properly in allowing the jury to resume deliberations. *Standard Oil, supra*, pp 33-34; *Alston, supra*, p 143; see also *Routhier v Detroit*, 338 Mich 449, 452-453; 61 NW2d 593 (1953); *McNary, supra*, p 143.

II

FKI argues that the trial court erred in instructing the jury that it would have to find that FKI's negligence was a proximate cause of plaintiff's injuries. We disagree. The trial court's actual instruction was

that the jury would have to make such a finding *before* it could reach the question of damages. The trial court also instructed the jury to read the verdict form, which effectively stated the same thing. Because proximate cause is an essential element of a prima facie case of negligence, see *Jenks v Brown*, 219 Mich App 415, 417; 557 NW2d 114 (1996), the trial court's instruction was applicable and accurately stated the law. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 515; 556 NW2d 528 (1996).

Even assuming arguendo that the trial court's instruction could be interpreted in the manner alleged by FKI, jury instructions must be reviewed in their entirety, rather than extracted piecemeal. *Id.* In its initial instructions, the trial court stated that the jury was the sole trier of fact and that if any conduct by the court indicated an opinion regarding the facts, the jury should disregard that inference. In addition, following the instruction at issue here, the jury requested and received a reinstruction regarding proximate cause. Under these circumstances, the trial court did not abuse its discretion in denying FKI's motion for a new trial. See *Mahrle, supra,* p 351.

III

FKI argues that the trial court abused its discretion in denying its motion to strike plaintiff's technical experts, compel their depositions, or adjourn the trial. We disagree. Although FKI was aware of the identity and addresses of plaintiff's expert witnesses and the subject matter and substance of their testimony long before the close of discovery, it did not attempt to depose any of these witnesses. FKI filed its supplemental interrogatories only three days before the end

of discovery. Only on the cusp of trial, when it knew that discovery had been closed, did FKI seek to depose an expert witness. In addition, the record shows that both parties were responsible for discovery delays. Under these circumstances, the trial court did not abuse its discretion in denying FKI's motion for discovery sanctions. See *Richardson v Ryder Truck Rental, Inc,* 213 Mich App 447, 450-451; 540 NW2d 696 (1995).

IV

In Docket No. 184149, FKI argues that the trial court erred in awarding mediation sanctions. We agree in part.

A party who rejects a mediation evaluation is subject to sanctions if the party fails to improve its position at trial. MCR 2.403(O); *Neal v Neal,* 219 Mich App 490, 493; 557 NW2d 133 (1996). The sanction provision places the burden of litigation costs on the party who insists on trial by rejecting a proposed mediation award, the reasonableness of which is measured by the outcome of the trial. *Id.,* p 493. Whether a party is entitled to mediation sanctions and the amount of actual costs are to be determined by the trial court within its discretion. *Dean v Tucker,* 205 Mich App 547, 551; 517 NW2d 835 (1994).

Here, the trial court awarded plaintiff costs totaling $44,822.23 and attorney fees totaling $96,939.90. FKI appeals only the award of costs. Actual costs are those costs taxable in any civil action and a reasonable attorney fee as determined by the trial court for services necessitated by the rejection of the mediation award. MCR 2.403(O)(6); *Dean, supra,* p 552. Where there is no statutory authority, costs are not

recoverable. *Beach v State Farm Mutual Automobile Ins Co*, 216 Mich App 612, 621; 550 NW2d 580 (1996). The concept of "taxable costs" is not as broad as the concept of "expenses" as used by the Michigan Court Rules. *Id.*, pp 621-622.

In moving for mediation sanctions, plaintiff simply itemized a list of his various costs without specifying any statutory authority that supported those items. In granting plaintiff's motion, the trial court also did not specify the statutory grounds that justified its decision. Plaintiff's extensive list contains some costs, e.g., witness fees, transcript fees, and motion fees, that generally are taxable. See MCL 600.2546; MSA 27A.2546, MCL 600.2549; MSA 27A.2549, MCL 600.2522; MSA 27A.2552; *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996). However, other costs, e.g., fees involving witnesses who did not testify at trial and fees for depositions that were not read at trial, lack statutory authority. See *Portelli v I R Constr Products Co, Inc*, 218 Mich App 591, 605; 554 NW2d 591 (1996); *Beach, supra,* pp 622-623; *Herrera v Levine,* 176 Mich App 350; 439 NW2d 378 (1989). Because we are unable to determine whether the trial court abused its discretion in granting plaintiff's request for taxable costs, we vacate that portion of the trial court's order awarding $44,822.23 in costs and remand for a determination of which of plaintiff's submitted costs are statutorily authorized. *Luidens, supra,* p 31; *Charles Reinhart Co v Winiemko,* 196 Mich App 110, 118; 492 NW2d 505 (1992), rev'd on other grounds 444 Mich 579; 513 NW2d 773 (1994).

In Docket No. 183825, we affirm. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219. In Docket No. 184149, we vacate in part and

remand for further proceedings consistent with this opinion. FKI, being the prevailing party, may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.